UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. SMITH, JR., <br> A/K/A JAYMIE DAVIS, <br><br> Plaintiff <br><br> v. <br><br> MAINE DEPARTMENT OF <br> CORRECTIONS, ANDROSCOGGIN <br> COUNTY JAIL EMPLOYEES, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 2:21-cv-00328-LEW |

## ORDER ON MOTION
## FOR TEMPORARY RESTRAINING ORDER

The Court received for filing Plaintiff's complaint and motion for temporary restraining order. Relief on a motion for temporary restraining order is never awarded as of right and is extraordinary in nature, particularly as it requests relief without giving the opposing party an opportunity to be heard. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018).

Plaintiff presently is incarcerated in the Androscoggin County Jail. Plaintiff experiences gender dysphoria and identifies as a member of the female gender. Through the complaint and motion, Plaintiff alleges the violation of a right under state law to be housed with the female prisoner population. Plaintiff also alleges "harassment" by Defendants and requests a remedy in damages. Plaintiff also alleges being "molested" by inmates at some time in the past and being incarcerated on at least one prior occasion (thus making it unclear whether the alleged molestation transpired during her current incarceration). According to representations found in Plaintiff's Motion, Defendants have housed Plaintiff in solitary confinement.

## DISCUSSION

Through the motion, Plaintiff asks to be transported to a different jail or correctional facility and to be housed there based on Plaintiff's gender identification "without question." Motion at 2 (ECF 3).

The standard for issuing a temporary restraining order ("TRO") is the same as the standard that applies to a motion for preliminary injunction, although a Court must also consider in the context of a TRO whether it is appropriate to grant relief without first hearing from the defendant. *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 266-67 (D. Me. 2013). Thus, minimally, the movant seeking a TRO must demonstrate (A) that she is likely to succeed on the merits of a claim for which injunctive relief is available; (B) that she is likely to suffer irreparable harm absent interim relief; (C) that the balance of equities between or among the parties tips in her favor; and (D) that providing the requested relief will not harm the public interest. *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief – and as the only party presently before the Court – the plaintiff necessarily bears the burden of establishing that the factors favor the award of a temporary restraining order. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011).

A. **Likelihood of Success and Irreparable Injury**

Because Plaintiff seeks to proceed in forma pauperis, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a). For reasons that follow, Plaintiff is not likely to succeed on the merits based on the facts currently alleged in the Complaint.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Here, Plaintiff alleges the right under state law to be housed as a female inmate. It appears unlikely that the United States Constitution or federal law compel this result for prisoners held in state facilities. Plaintiff also alleges "harassment" against Defendants, but has not alleged facts suggesting that the circumstances make it plausible to infer that any individual defendant named in the complaint would be liable to Plaintiff in damages based on a violation of Plaintiff's federal rights. Plaintiff's complaint, in other words, does not appear to set forth a viable federal claim.

Even if Plaintiff promptly amended the complaint to state a federal claim against a particular defendant, the circumstances do not suggest that termporary detention of Plaintiff at the Androscoggin County Jail pending a hearing on a motion for preliminary injunctinve relief likely would result in irreparable injury to Plaintiff. According to Plaintiff, she is presently housed in solitary confinement and I see no cause in the complaint to believe Plaintiff has been so confined for an extended duration. Temporary housing in solitary does not appear to be out of bounds given that Plaintiff fears mistreatment by some members of the male prisoner population.

For these reasons, Plaintiff's presentation does not support the necessary findings that she is likely to succeed on a federal claim or that she is likely to suffer irreparable injury in the absence of emergency injunctive relief.

**B. Balance of Equities and Public Interests**

Because Plaintiff fails to demonstrate the likelihood of success in federal court based on the verified allegations, appears to be secure at present due to solitary confinement (the duration of which does not appear to be extensive), and the nature of her request calls for a response from Defendants in the event the complaint survives the screening process, the balance of equities does

not tip in Plaintiff's favor.

Finally, concerning the public interest, even when plausible claims are alleged federal courts are not licensed to take over the administration of prisons generally, and certainly should not compel state officials to take a particular course of action based on ex parte proceedings in the absence of a compelling showing.

> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed [the] warning that "[such] considerations are peculiarly within the province and professional expertise of [executive] officials, and in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."

*Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979) (quoting *Pell v. Procunier*, 427 U.S. at 827 (first and third alteration my own)).

## CONCLUSION

The Motion for Temporary Restraining Order (ECF 3) is DENIED. Once Plaintiff files a proper application to proceed in forma pauperis, Plaintiff's Complaint will be referred for preliminary screening in the ordinary course.

**SO ORDERED.**

Dated this 22nd day of November, 2021.

                                                /s/ Lance E. Walker
                                                UNITED STATES DISTRICT JUDGE