UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. SMITH, JR., <br> a/k/a JAYMIE DAVIS, <br><br> Plaintiff <br><br> v. <br><br> MAINE DEPARTMENT OF <br> CORRECTIONS, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> )   2:21-cv-00328-LEW <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT
AND ORDER ON MOTION TO AMEND**

Plaintiff, who is in custody at the Androscoggin County Jail, requests a transfer to a different county jail and seeks damages for alleged mistreatment by jail employees. (Complaint, ECF No. 1.) In addition to the complaint, Plaintiff filed an application to proceed in forma pauperis, (ECF No. 9), which application the Court granted. (Order, ECF No. 10.)

Plaintiff also filed a motion to amend the complaint. (Motion, ECF No. 15.) Because Plaintiff can amend the complaint "once as a matter of course" as Defendants have not been served with the complaint, I grant the motion. Fed. R. Civ. P. 15(a).

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's amended complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because each plaintiff is "a prisoner seek[ing] redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint unless Plaintiff further amends the complaint to address the issues identified herein.

## FACTUAL ALLEGATIONS

The named defendants include the Maine Department of Corrections and twelve employees of the Androscoggin County Sheriff's Office working at the county jail. In the original complaint, Plaintiff alleged she has been diagnosed with gender dysphoria and identifies as female. Plaintiff asserted she was previously assigned to a cell in a female unit but was subsequently assigned to a cell in a male unit. Plaintiff alleges she was sexually assaulted, and that Defendants harassed her.

Plaintiff also asserts she has not received proper treatment for difficulties with her teeth and that she has been deprived of an appropriate diet. Plaintiff alleges she was confined for a time in disciplinary segregation with limited access to phones and legal resources, and Plaintiff challenges the process used when she was moved from medium security to high security.

## DISCUSSION

**A.  Legal Standard**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the

complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

**B.     Housing Assignment and Harassment Claims**

Plaintiff's amended complaint could be construed as an attempt to assert a federal claim pursuant to 42 U.S.C. § 1983 for a violation of a constitutional right.  The Eighth Amendment prohibition on cruel and usual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment impose similar obligations while prisoners are in pre-trial custody.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983).  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).  To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

The objective standard evaluates the seriousness of the risk of harm.  There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'"

4

*Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention.  *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)).  The subjective standard concerns the culpability of the defendant.  Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable."  *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).  The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response."  *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Courts have recognized that in some circumstances, due to health and safety concerns, prison officials are required to provide certain medical care and accommodations to mitigate certain risks for prisoners with gender dysphoria.  *See e.g.*, *Kosilek v. Spencer*, 774 F.3d 63 (1st Cir. 2014) (analyzing Eighth Amendment failure to treat claim of a transgender prisoner); *Shorter v. United States*, 12 F.4th 366, 374–75 (3d Cir. 2021) (analyzing Eighth Amendment failure to protect claim of a transgender prisoner).  Plaintiff, however, has not to this point alleged enough facts to support an Eighth Amendment claim.

First, Plaintiff has not joined a medical provider as a defendant and has not alleged that a defendant failed to follow an established and known standard of care for gender dysphoria.  In addition, while Plaintiff asserts she was assigned to male housing against her wishes, she has not alleged enough facts regarding the circumstances that resulted in her housing assignment, the individual defendants' involvement in the housing decision,

or the defendants' knowledge of the risks generated by the assignment to support a claim against the named defendants. Finally, although she cites a state statute to support her right to be assigned housing with females, the violation of a state statute would not give rise to a federal constitutional claim.

Because there are "no factual allegations to help [the Court] understand where this case falls on that sliding scale" of risk of harm, without additional facts, dismissal of any federal deliberate indifference claim would be appropriate. *Cox v. Nobles*, 15 F.4th 1350, 1360 (11th Cir. 2021) (upholding dismissal of Eighth Amendment claims of transgender prisoner based on insufficient factual content regarding specific harms and specific defendants). To proceed on an Eighth Amendment claim, Plaintiff would have to allege facts that would plausibly support a deliberate indifference finding.[1]

---

[1] To the extent Plaintiff's seeks to assert a facial challenge to a policy or practice of assigning prisoners to cells or units not in accordance with their asserted gender identity, Plaintiff has not alleged that the housing assignment was made pursuant to a policy or practice. In addition, there do not appear to be any other cases in which a court found an Eighth Amendment violation on such grounds.

Some courts have contemplated broader claims concerning inmate assignments among sex segregated facilities, but they did so where a plaintiff has asserted an equal protection violation, not a challenge to the conditions of confinement as Plaintiff has done. *See e.g.*, *Doe v. Massachusetts Dep't of Correction*, No. CV 17-12255-RGS, 2018 WL 2994403, at *9 (D. Mass. June 14, 2018) (declining to dismiss equal protection claim based on differential treatment of other women and trans women); *Iglesias v. Fed. Bureau of Prisons*, No. 19-CV-415-NJR, 2021 WL 6112790, at *24 (S.D. Ill. Dec. 27, 2021)(granting preliminary injunction on similar grounds); *but see*, *Beverly v. Orange Cty. Sheriff*, No. 820CV00797JGBSP, 2021 WL 5911666, at *7 (C.D. Cal. Sept. 21, 2021) (noting that "Plaintiff does not argue that she was treated differently than other transgender women" and finding no violation of equal protection based on asserted comparison to cisgender women). Because prison conditions claims, including claims based on the right to be free from sexual abuse, are generally governed by the Eighth Amendment rather than the Equal Protection Clause of the Fourteenth Amendment, the Court need not "unnecessarily tread new ground in formulating a framework for applying the Equal Protection analysis to these specific facts," *Perna v. Martinez*, No. 17-CV-11643-IT, 2021 WL 1210357, at *4 (D. Mass. Mar. 31, 2021), especially given that Plaintiff has not pled an equal protection claim. If, however, Plaintiff believes her circumstances present facts that would support an equal protection claim, Plaintiff can amend her complaint to assert the relevant facts.

As to Plaintiff's sexual assault claim, Plaintiff has not described any of the alleged conduct or explained which defendant or defendants are responsible for or were deliberately indifferent to the risk of an assault. *See S.E.C. v. Tambone,* 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal").

To support her harassment claim, Plaintiff cites the conduct and statements of a corrections officer on one occasion. Courts have recognized that severe or repetitive sexual harassment and abuse can constitute an Eighth Amendment violation, but courts have generally rejected Eighth Amendment claims based entirely on non-physical conduct analogous to that which Plaintiff describes. *See Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020) ("verbal abuse or harassment has not been found to violate the Eighth Amendment"); *In re Eric Watkins Litig.*, 829 F. App'x 428, 431 (11th Cir. 2020) ("verbal taunts . . . however distressing do not violate a prisoner's constitutional rights under the Eighth Amendment") (quotation marks omitted); *Knowles v. Maine*, No. CIV. 9-282-BW, 2009 WL 3517589, at *3–4 (D. Me. Oct. 29, 2009) (collecting cases). While troubling, unprofessional, offensive, and contrary to legitimate penological goals, the one alleged incident does not constitute an Eighth Amendment violation. *See Marino v. Comm'r*, No. CIV 8-326-B-S, 2010 WL 2731222, at *7 (D. Me. June 30, 2010) ("There may be fact patterns in which this court could conclude[ ] that sexual harassment is sufficient to constitute an Eighth Amendment violation. However, most of the recent cases

I have identified have concluded that one incident of non-violent harassment alone was not sufficient to meet the cruel and unusual punishment standard").[2]

## C.     Diet and Dental Condition Claims

Prisoners have the right to nutritionally adequate food.  *Domegan v. Fair*, 859 F.2d 1059, 1064 (1st Cir. 1988).  An inmate does not, however, have a right to food that satisfies his or her taste preferences.  *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Burgin v. Nix*, 899 F.2d 733, 734 – 35 (8th Cir. 1990).

> Although "[n]o static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual," *Rhodes* v. *Chapman,* 452 U.S. 337, 346 (1981), the Supreme Court has said that "extreme deprivations are necessary to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson* v. *McMillian,* 112 S. Ct. 995, 1000 (1992) (citations omitted).

*Cookish v. Comm'r, N.H. Dep't of Corr.*, 980 F.2d 721 (table), 1992 WL 358914 at *4 (1st Cir. 1992).  Furthermore, in the absence of a deprivation that constitutes a constitutional violation, federal courts give deference to administrative officials in the management of prisons.

---

[2] The amended complaint also included allegations regarding the use of solitary confinement for twenty-two hours per day for prisoners in maximum security status and 23.5 hours per day as a disciplinary penalty for certain kinds of infractions.  *See infra* Section D.  To the extent the amended complaint could be construed to attempt to assert an Eighth Amendment claim based on the use of solitary confinement, the amended complaint lacks sufficient facts to state a claim for relief.  "Solitary confinement is not per se impermissible" under the Eighth Amendment, *Hawkins v. Hall*, 644 F.2d 914, 917 (1st Cir. 1981), and Plaintiff has not alleged a duration or conditions that courts have recognized as supporting a claim.

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safley,* 482 U.S. 78, 84–85 (1987).

Plaintiff has not alleged any facts to suggest that the diet is nutritionally deficient or that prison officials have restricted her diet based on her status as a member of a protected class. Similarly, Plaintiff has alleged no facts that would support a deliberate indifference finding on her dental claim. Plaintiff has not alleged which defendants knew of the condition, whether she sought treatment for the condition from the jail medical providers, or described the treatment, if any, she received.[3]

**D.     Mail and Procedural Claims**

The restrictions on writing materials and access to mail and to a lawyer during Plaintiff's time in disciplinary segregation implicate the First Amendment right to access the courts, but the record reflects the restrictions were in place for a relatively short period of time and Plaintiff's filings demonstrate that the measures did not severely inhibit her ability to prosecute this lawsuit. *See Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000) ("the constitutionally-protected right of access to the courts is narrow in scope" and "does not extend to enabling prisoners to litigate with maximum effectiveness once in court").

---

[3] Other assertions in the proposed amended complaint, such as Plaintiff's allegation that she did not have access to a cup and was therefore forced to drink from the faucet while in disciplinary segregation, fail to rise to the level of a constitutional violation.

9

Plaintiff also alleges a delay between discipline imposed, including a change in security level, and a disciplinary hearing. Plaintiff's allegations could be construed to raise a due process claim, but the length and severity of the consequences imposed fall short of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that implicates due process rights. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also*, *Skinner v. Cunningham*, 430 F.3d 483, 487 (1st Cir. 2005) (no due process interest from imposition of disciplinary segregation for six weeks before a hearing).[4]

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's motion to amend the complaint. In addition, while I make no assessment whether Plaintiff has asserted a state law claim, I find Plaintiff has not alleged sufficient facts to allege a federal claim or alleged facts to support a claim against any of the individual defendants. If Plaintiff believes there are

---

[4] Dismissal might also be appropriate for failing to exhaust the facility's internal remedies pursuant to 42 U.S.C. § 1997e(a). Districts courts ordinarily do not consider on their own affirmative defenses that a defendant has not raised, *see Casanova v. Dubois*, 304 F.3d 75, 77 (1st Cir. 2002), but when it is clear from a plaintiff's "pleadings that [he/she] has not exhausted [her/his] administrative remedies, a dismissal sua sponte for failure to exhaust is appropriate." *Negron-Cruz v. Almodovar*, Civil No. 19-2126(PG), 2020 WL 762217 at *2 (D.P.R. Feb. 14, 2020) (quoting *Cullinan v. Mental Health Management Correctional Services, Inc.*, No. 11–10593–JLT, 2012 WL 2178927, at *3 (D. Mass. June 11, 2012) (citing *United States v. Del Toro–Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007) ("[T]he usual PLRA practice would permit a district court to dismiss sua sponte a prisoner's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of [her] complaint"))).

"On a prior incarceration," Plaintiff filed grievances about alleged harassment and gender dysphoria. (Complaint at 2.) Plaintiff contends the grievances were "largely ignored" but Plaintiff "was housed with females befor[e] . . . ." (*Id.*) Plaintiff evidently acknowledges that a grievance process is available, but Plaintiff does not assert that any of the other issues were exhausted. As to the issue of Plaintiff's housing assignment, because Plaintiff only mentions filing grievances during a prior incarceration, a reasonable inference is that Plaintiff did not complete the Androscoggin County Jail's internal grievance and appeal process regarding her current housing assignment. Because I cannot conclude the failure to exhaust is clear, I do not recommend the Court sua sponte dismiss the case based on exhaustion at this stage of the proceedings.

additional facts that would support a federal claim against the individual defendants, within fourteen (14) days of the date of this recommended decision and order, Plaintiff may amend her complaint to allege facts she believes would support such a claim.  If Plaintiff fails to amend her complaint or fails to include in an amended complaint enough facts to support a plausible federal claim against the individual defendants, I recommend the Court dismiss the complaint and dismiss as moot Plaintiff's motion for preliminary injunction. (Motion, ECF No. 7.)

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Any objections to the Order on Plaintiff's motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2022.